IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PATRICK RICK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:13-cv-1080 |
| | § | |
| TRAVIS COUNTY, TEXAS | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff, Patrick Rick, files his Complaint complaining of Travis County, Texas, and for cause of action would show the following:

**I.   PARTIES**

1.   Plaintiff, Patrick Rick, is a Texas resident, living in Travis County, Texas.

2.   Travis County is an agency of the State of Texas and may be served, pursuant to the Texas Civil Practice and Remedies Code §17.024(a), with process through the County Judge Samuel Biscoe at the following address: 700 Lavaca Street, Suite 2700, Austin, Texas 78701. Travis County may also be served with process by serving its County Attorney, David Escamilla, at the following address: 314 W. 11th Street, (Room 300), Austin, Texas 78701. Travis County may also be served with process by serving its District Attorney, Rosemary Lehmberg, at the following address, 509 W. 11th Street, Suite 1100, Austin, Texas 78701.

**II.   JURISDICTION**

3.   The Court has subject matter jurisdiction because this action arises under Title I of the Americans with Disabilities Act of 1990 and the Texas Commission on Human Rights Act. The Court has supplemental jurisdiction over Plaintiff's claims under the Texas Commission on Human

1

Rights Act pursuant to 28 U.S.C. Section 1367.

4. Travis County is an employer within the meaning of the above statutes because it employs fifteen or more employees for each working day in each of twenty or more calendar weeks.

5. Mr. Rick has completed all conditions precedent to filing this suit. He received his right to sue letter from the EEOC within 90 days before the filing of this lawsuit. No Right to Sue from the Texas Workforce Commission is needed, and Plaintiff is filing this Complaint within two years of the filing of his Charge of Discrimination with the Texas Workforce Commission. Tex. Lab. Code Ann. §§ 21.201-202, 208, 256.

### III.   VENUE

6. Venue is proper in the Western District of Texas, Austin Division, under 28 U.S.C. § 1391 because Mr. Rick's claims arose within the judicial district of this Court.

### IV.   FACTS

**7.** Plaintiff, Patrick Rick, served in the U.S. Army Reserves from 2003 - 2011, during which he did two tours of duty in Iraq, first in 2008 and again in 2010-2011. As a result of Mr. Rick's military service, he has service-connected medical conditions including left and right knee strain, left and right ankle strain, and post-traumatic stress disorder.

8. Mr. Rick was hired by the Travis County Sheriff's Office in May 2012 as a Cadet, and was stationed at the Defendant's Del Valle facility. Mr. Rick went through Field Officer Training and obtained an interim jailer's license shortly after his initial hire.

9. In January 2013, Mr. Rick passed the Sheriff's Office's Corrections Officer Basic recruit Academy (COBRA), through which he obtained his permanent jailer's license. As part of the Academy, Mr. Rick was required to take and pass Defendant's Job Specific Test of physical ability. Mr. Rick passed the Job Specific Test.

10. In or around February 2013, while serving as a jailer in Defendant's Del Valle facility, Mr. Rick was taken off his jailer assignment and placed on what Defendant called "light duty." Defendant told Mr. Rick that the reason for the removal was that during physical training, instead of doing jumping jacks as the other jailers were doing, Mr. Rick had substituted running in place with handclaps. Mr. Rick is not able to do jumping jacks because of his service-connected physical limitations. Mr. Rick asked for permission to continue running in place, but was told that it would not be allowed.

11. After placing Mr. Rick on light duty, Defendant asked him to have a Work Capacity Form completed by his physician. Mr. Rick's physician completed the Work Capacity Form stating that Mr. Rick had no restrictions on any of the requirements stated on the Form.

12. On February 27, 2013, Mr. Rick was notified that he was being terminated because of his inability to perform jumping jacks and because of his not having passed certain requirements of the Phase II COBRA test. However, the Phase II COBRA test was not a job requirement, and Mr. Rick had additional opportunities to take and pass Phase II later on.

### III.
### CAUSES OF ACTION

#### COUNT ONE:
#### Violation of the ADA and TCHRA

13. Defendant violated by the Americans with Disabilities Act and the Texas Commission on Human Rights Act by refusing Plaintiff reasonable accommodations and by discharging Plaintiff. 42 U.S.C. § 12101 *et seq.*; Texas Labor Code §21.001 *et seq.*

14. Under the ADA and the TCHRA, it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability.

15. Defendant is an employer under the ADA and the TCHRA.

16. Plaintiff was qualified for and could perform the essential functions of his job at the time of his termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendant as a person with a disability.

17. Plaintiff was meeting his employer's expectations.

18. Defendant refused to accommodate Plaintiff's disability when Plaintiff requested to be permitted to perform other exercises instead of jumping jacks during physical training. Defendant refused to engage in the interactive process with Plaintiff, and refused to consider reasonable accommodations. Instead, Defendant placed Plaintiff on "light duty," refused to allow him to perform his job as a jailer, and then terminated him. Defendant cannot show that performing jumping jacks was an essential function of Plaintiff's job, or that allowing Plaintiff to do an alternate form of exercise during the physical training constituted an undue hardship on the Defendant.

19. Plaintiff was terminated as a direct result of his disability, his record of having a disability, his request for reasonable accommodations, and/or because Defendant regarded Plaintiff as a person with a disability.

20. Defendant violated both the ADA and TCHRA by refusing Plaintiff reasonable accommodations for his disability and by intentionally discriminating against Plaintiff because of his disability and/or because Defendant regarded Plaintiff as disabled, by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendant's decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendant's perception of Plaintiff as a person with a disability moved Defendant toward its decision or was a factor that played a part in Defendant's employment decisions as to Plaintiff.

## IV.
## DAMAGES

As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

## V.
## COMPENSATORY DAMAGES

Defendants have intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his disability, his record of having a disability, and/or because Defendant regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, injury to credit standing, job search expenses, and other pecuniary and non-pecuniary losses.

## VI.
## ATTORNEYS' FEES AND EXPERT FEES

A prevailing party may recover reasonable attorneys' and experts' fees. SEE TEX. LAB. CODE §21.259; 42 U.S.C. §2000e-5(k). Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## VII.
## JURY DEMAND

Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

5

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
TERRY, SIMON & KELLY, P.L.L.C.
1002 Rio Grande Street
Austin, Texas 78701
Phone (512) 391-1955
Fax (512) 588-1726
kell@tsklawfirm.com

ATTORNEY FOR PLAINTIFF