FILED

AUG 1 9 2015

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PATRICK RICK, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:13-CV-1080-ML |
| | § | |
| TRAVIS COUNTY, TEXAS | § | |
|     Defendant. | § | |

## JURY INSTRUCTIONS AND VERDICT FORM

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. On one hand, it is your duty to follow the law as I give it to you. On the other hand, you are the judges of the facts. Do not consider any statement I have made during the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the lawyers are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. You must determine the facts from all the testimony that you have heard and the other evidence submitted.

The burden is on the plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence simply means the amount of evidence that persuades you that the plaintiff's claim is more

1

likely true than not true. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who called them, and all exhibits received in evidence, regardless of who produced them. If the evidence fails to establish any essential part of the plaintiff's claim against the defendant by a preponderance of the evidence, then you must find for the defendant.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say, and how important that testimony was. In making that decision I suggest you ask yourself a few questions: Did the person impress you as honest? Does the witness have a personal interest in the outcome of the case? Did the witness have any relationship with any party to the case? Did the witness have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that may help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side of that point. You must think about the testimony of each witness and decide how much you believe of what each witness said. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after

considering all the other evidence you believe that single witness. The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with testimony the witness gave at this trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget certain details or recollect events inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you may draw reasonable inferences from the testimony and the exhibits that you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, which is the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

A "stipulation" is an agreement. When there is no dispute about certain facts, the

3

attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

In this case the Plaintiff Patrick Rick claims that Defendant Travis County terminated his employment in violation of the Americans with Disabilities Act because his supervisors regarded him as having a disability. Plaintiff Rick contends he was able to perform all of the essential functions of the Corrections Officer position, and he was released by his doctor to do so. Plaintiff Rick further contends that at the time of his termination he still had the opportunity to take the remainder of the COBRA academic courses for a final passing score.

Defendant Travis County contends Plaintiff Rick was unable to perform the essential functions of his corrections officer job. This is based on the fact that he was unable to fully participate in the Travis County Sheriff's Office COBRA physical fitness training because of the impact it had on his knees and ankles, and because he failed several academic courses required as part of the Phase II COBRA Training. Defendant Travis County therefore denies that Plaintiff Rick is entitled to any damages.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be considered as equals in a court of justice.

Attached to this Jury Charge is a Verdict Form that contains five questions. Before

answering a particular question on the Verdict Form, you must consider the instructions for that question that are provided below. Bear in mind, members of the jury, you may or may not ultimately answer every question. Carefully follow the "roadmap" instructions on the Verdict Form to determine which questions you must answer.

## D<small>ISTINCTION</small> B<small>ETWEEN</small> "D<small>ISABILITY</small>" <small>FOR THE</small> P<small>URPOSE OF THIS</small> L<small>AWSUIT</small> <small>AND</small> "D<small>ISABILITY</small>" D<small>ETERMINATION FROM</small> V<small>ETERANS</small> A<small>DMINISTRATION</small>

Plaintiff Rick claims he was discriminated against in violation of the Americans with Disabilities Act because his employer regarded him as having a disability. For the purpose of this lawsuit, "disability" means an actual or perceived physical or mental impairment, whether or not the impairment limits or is perceived to limit a major life activity.

Plaintiff Rick's having received a disability rating through the Veterans Administration does not necessarily equate to him being an individual with a disability as the term is used above. Disability compensation through the Veterans Administration is a monthly tax-free benefit paid to Veterans who are at least 10% disabled because of injuries or diseases that were incurred in or aggravated during active duty, active duty for training, or inactive duty training. A disability can apply to physical conditions, such as a chronic knee condition, as well as a mental health conditions, such as post-traumatic stress disorder (PTSD).

Therefore, that Plaintiff Rick has received a disability rating through the Veterans Administration does not necessarily mean that he is also disabled within the meaning of "disability" for the purpose of this lawsuit. However, you may consider his Veterans Administration disability rating as a factor in determining whether Plaintiff Rick is "disabled" for the purpose of this lawsuit.

## INSTRUCTIONS FOR CASES INVOLVING CLAIMS OF BEING REGARDED AS HAVING A DISABILITY

Plaintiff Rick claims that he was discriminated against because Defendant Travis County regarded him as having a disability. Defendant Travis County denies Plaintiff Rick's claims and contends that he was terminated because he was unable to perform the essential functions of the Corrections Officer position. Plaintiff Rick contends that he could have performed the essential functions of the Corrections Officer job when Defendant Travis County terminated Plaintiff Rick.

It is unlawful to terminate a qualified individual because he is regarded as having a disability. Therefore, to be protected by the Americans with Disabilities Act, Plaintiff Rick must first prove he is a "qualified individual." To be a "qualified individual," Plaintiff Rick must be able to perform the job's "essential functions." The term "essential functions" means the fundamental duties of the position. The term does not include the position's marginal functions.

An individual can perform the essential functions of a job if he satisfies the requisite skill, experience, education, and other fundamental job-related requirements of the employment position he holds. In considering whether a job duty is an essential function you may consider:

(1)   the employer's judgment as to which functions of the job are essential;

(2)   written job descriptions prepared to advertise a job or used to interview applicants;

(3)   the amount of time spent on the job performing the function in question;

(4)   the consequences of not requiring the person to perform the function;

(5)   the work experience of persons who have held the job; and

(6)   the current work experience of persons in similar jobs.

Second, Plaintiff Rick must prove he was terminated because Defendant Travis County regarded him as having a disability. For the purpose of this lawsuit, an individual is "regarded as having a disability" if the individual establishes that he has been subjected to discrimination because of an actual or perceived physical or mental impairment, whether or not it limits or is perceived to limit a major life activity.

In evaluating Defendant Travis County's stated reason for terminating Plaintiff Rick, you should take into account only the information that was known to the decisionmaker at the time the decision was made to terminate Plaintiff Rick.

In sum, to succeed in this case, Plaintiff Rick must prove the following by a preponderance of the evidence:

(1) Plaintiff Rick could perform the essential functions of the Corrections Officer position when Defendant Travis County terminated him;

(2) Plaintiff Rick was regarded by Defendant Travis County as having a physical disability; and

(3) Defendant Travis County terminated Plaintiff Rick because it regarded him as having a disability.

If Plaintiff Rick has failed to prove any of these elements, then your verdict must be for Defendant Travis County.

## INSTRUCTIONS FOR AFFIRMATIVE DEFENSE
## OF DIRECT THREAT TO SAFETY OF PLAINTIFF OR OTHERS

If you find that Plaintiff Rick proved that he could perform the essential functions of the position of Corrections Officer and Defendant Travis County terminated Plaintiff Rick because it regarded him as having a disability, then you must find for Plaintiff Rick <u>unless</u> Defendant Travis County proves by a preponderance of the evidence that Plaintiff Patrick Rick's continued employment posed a direct threat to the health or safety of himself or others in the workplace.

A direct threat means a significant risk of substantial harm to the health or safety of Plaintiff Rick or others in the workplace. To prove Plaintiff Rick posed a direct threat, Defendant Travis County must prove that it performed an individualized assessment of Plaintiff Rick's present ability to safely perform the essential functions of the job.

In determining whether Plaintiff Rick posed a direct threat, you should consider:

(1) how long the risk will last;

(2) the nature and severity of the potential harm;

(3) how likely it is that the harm will occur; and

(4) the likely time before the potential harm occurs.

## LIABILITY VERDICT FORM

**Question No. 1**

Has Plaintiff Patrick Rick proved he is a qualified individual?

Answer "Yes" or "No."

_____

If you answered "NO" then you do not need to complete any further questions. If you answered "YES" then you should answer question number 2.

**Question No. 2**

Has Plaintiff Patrick Rick proved Defendant Travis County, Texas regarded him as having a disability?

Answer "Yes" or "No."

_____

If you answered "NO" then you do not need to complete any further questions. If you answered "YES" then you should answer question number 3.

**Question No. 3**

Has Plaintiff Patrick Rick proved that Defendant Travis County, Texas terminated his employment because it regarded him as having a disability?

Answer "Yes" or "No."

_____

If you answered "NO" then you do not need to complete any further questions. If you answered "YES" then you should answer question number 4.

**Question No. 4**

Has Defendant Travis County, Texas proved that Plaintiff Patrick Rick's continued employment

10

posed a direct threat to the safety of himself and/or others?

Answer "Yes" or "No."

_____

If you answered "YES" then you do not need to complete any further questions. If you answered "NO" then you should read the instructions on pages 12–13 and answer question number 5 on page 14.

## INSTRUCTIONS FOR DAMAGES
## UNDER THE AMERICANS WITH DISABILITIES ACT

If you found that Defendant Travis County violated the Americans with Disabilities Act (ADA), then you must determine whether it has caused Plaintiff Rick damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Rick has proved liability.

Plaintiff Rick must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Rick need not prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others:

(1)   the amount of back pay and benefits Plaintiff Rick would have earned in his employment with Defendant Travis County if he had not been terminated from employment from March 21, 2013 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Patrick Rick received from employment during that time;

(2)   the amount of other damages sustained by Plaintiff Rick such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

Back pay includes the amounts the evidence shows Plaintiff Rick would have earned had he remained an employee of Defendant Travis County. These amounts include wages and salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Travis County proves by preponderance of the evidence Plaintiff Patrick Rick received during the period in question. Plaintiff Rick and Defendant Travis County have stipulated, or agreed,

that the amount of wages and benefits Plaintiff Rick would have received if his employment were not terminated is $34,869.88.

In addition to actual damages, you may consider whether to award compensatory damages. Compensatory damages may be awarded for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. Compensatory damages do not include back pay, interest on back pay, or any other type of relief authorized under federal statute.

## DAMAGES VERDICT FORM

**Question No. 5:**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Patrick Rick for the damages, if any, you have found Defendant Travis County, Texas caused Plaintiff Patrick Rick? Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

3. Lost wages and benefits in the amount stipulated to by the parties?

    Answer yes or no:

    _____

## **DECLARATIONS AND VERDICT**

Any verdict must represent the considered judgment of each juror. In order to answer a question or return a verdict, it is necessary that each juror agree to the verdict. In other words, the answers to your questions and your verdict must be unanimous.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Do not let bias, prejudice or sympathy play any part in your deliberations.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but only after and impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, you may choose to re-examine your own views and even change your mind completely after discussing the evidence with the other jurors. However, do not surrender your honest conviction as to the weight or the effect of the evidence solely for the purpose of reaching a verdict.

Remember at all times that you are not partisans. You are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room you should first select your presiding juror who will preside over your deliberations and will be your spokesperson here in Court. A Verdict Form has been prepared for your convenience.

You will take the Verdict Form to the jury room, and when you have reached unanimous agreement as to your verdict, you will have your presiding juror fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by the presiding juror and pass the note to the court security officer who will bring it to my attention. I will either answer your question in writing or bring you back to the courtroom for other verbal instructions. If you send a written message or question to the Court, however, do not volunteer any information on the progress of the jury in reaching a verdict.

Submitted the __19__ day of __August__, 2015 at _____ o'clock ___.m.


_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous)

_____
PRESIDING JUROR